[Crim. No. 108. Fourth Appellate District.—October 20, 1930.]

THE PEOPLE, Respondent, v. GILBERT P. BROWN, Appellant.

Chester R. Andrews for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

MARKS, Acting P. J.—Appellant and F. C. Hertel were jointly charged with the crime of burglary in three separate counts of an information filed by the district attorney of Fresno County. It was alleged that the accused entered the store or warehouse of the Better Buy Cash Grocery in Fresno, California, on or about March 28, April 5 and May 5, 1930, with intent to commit the crime of theft. Three prior convictions of felonies were alleged against appellant, and admitted by him. Hertel escaped from jail and was at large at the time of the trial. Appellant was found guilty on all three counts and judgment pronounced against him.

Appellant relies upon two grounds for a reversal of the judgment. He urges that the trial court erred in denying his motion to strike the testimony of the witness Harry Markowitz, offered in support of the third count of the information, and that the evidence was not sufficient to support the verdict and judgment against him.

Harry Markowitz was manager of the Better Buy Cash Grocery at Fresno. He testified that on the nights of March 28, April 5 and May 5, 1930, the store was broken into and several cases of three popular brands of cigarettes stolen. The entrances were made through a window and a trap-door. The cigarettes were packed in cases with the store name and other identifying marks on the outside of each. The witness personally checked over the stock on the nights before and the mornings after the first two burglaries, and testified to the number of cases stolen. Before and after the burglary of May 5th the inventories of the stock were taken by other employees of the store and reported to the witness. The motion to strike was made on the ground that the testimony of the witness concerning the taking of the cigarettes on this occasion was hearsay. The witness further testified that he closed the store the night before and opened it the morning after the burglary and knew from what he then saw, and of his own knowledge, that the cigarettes were missing from the stock, which furnished sufficient

grounds to support the court's denial of the motion to strike this portion of his testimony.

Frank Pierce, a witness for the People, testified that upon three occasions appellant employed him to sell several cases of the same brand of cigarettes as those stolen in Fresno. He made the sales to Mona Pitts and a Mr. Cruise and collected the money therefor, which he paid to appellant after deducting his commission. Some of the cigarettes, still in the cases, were recovered from the purchasers.

█ Appellant claims a fatal variance between the dates of the burglaries in Fresno and the sales of the cigarettes by Pierce. The burglaries were committed on March 28, April 5 and May 5, 1930. Pierce first testified that he saw appellant and made the first sale of the cigarettes about March 1, 1930. Appellant maintains that as this date was twenty-seven days before the first burglary, the cigarettes then delivered by appellant to Pierce and sold to Pitts and Cruise, could not have been those stolen on March 28th or thereafter. Pierce also placed his second sale about two weeks after the first, and the third about one week after the second. Pierce, however, did not definitely fix the date of the first sale as March 1st. He testified that it was somewhere along there in the month of March. Only three sales were made by Pierce to Pitts and Cruise. The packing-cases found in the possession of the purchasers were positively identified as those stolen from the Better Buy Cash Grocery. The variance in the dates, if any, went to the weight to be given Pierce's testimony, and arguments concerning it should have been addressed to the jury rather than to this court. The jury decided the issues against appellant and we cannot disturb the verdict. There is ample evidence in the record to support the verdict and judgment.

Judgment affirmed.

Barnard, J., and Warmer, J., *pro tem.*, concurred.